IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**THE SMITH LAW FIRM, PLLC,**

*Plaintiff,*

v.

**BEASLEY, ALLEN, CROW, METHVIN, PORTIS AND MILES, P.C.; ANTHONY DOW "ANDY" BIRCHFIELD, JR.; and TED GORDON MEADOWS**,

*Defendants.*

CAUSE NO. 3:24-CV-564-CWR-ASH

## ORDER

In this case, a Mississippi law firm is suing an Alabama law firm and its lawyers seeking money damages. It appears that these firms' decade-long business relationship, which took the form of a joint venture, fell apart.

The question today is in which court their dispute must be litigated. The Mississippi law firm, as the plaintiff, filed this suit in this Court on September 19, 2024. It obviously wishes to proceed here. The Alabama law firm and its lawyers, in contrast, think the case belongs in the U.S. District Court for the Middle District of Alabama, where they filed a very similar suit on September 10, 2024. *See Beasley, Allen, Crow, Methvin, Portis and Miles, P.C. v. The Smith Law Firm, PLLC et al.*, No. 2:24-CV-582 (M.D. Ala. Sept. 10, 2024). The matter is ripe for resolution because the Alabama firm has filed a motion to dismiss or transfer.

"Under the first-to-file rule, when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases

substantially overlap." *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999) (citations omitted). The rule can apply where "neither the issues nor the parties" are identical. *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997). "The crucial inquiry" is whether the two suits "overlap on the substantive issues." *Id.* (cleaned up).

"In deciding if a substantial overlap exists," courts are expected to "look[] at factors such as whether the core issue was the same or if much of the proof adduced would likely be identical." *Int'l Fid. Ins. v. Sweet Little Mexico Corp.*, 665 F.3d 671, 678 (5th Cir. 2011) (cleaned up). The analysis requires "care to avoid interference with each other's affairs as the concern manifestly is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." *Id.* (cleaned up).

In *West Gulf Maritime Association v. ILA Deep Sea Local 24*, for example, the Fifth Circuit applied the first to file rule and found transfer appropriate where "the core issue in the New York action was the same as the core issue in the Texas action." 751 F.2d 721, 730 (5th Cir. 1985). Similarly, in *Sutter Corporation v. P&P Industries*, the appellate court found transfer appropriate where lawsuits pending in different states "present[ed] identical issues." 125 F.3d 914, 920 (5th Cir. 1997).

The first-filed Alabama case and this case both concern alleged breaches of the joint venture agreement the two firms entered into to pursue plaintiffs-side talc litigation. There plainly is substantial overlap. The fact that the parties named two additional defendants in the Alabama case and two additional defendants in this case, meanwhile, is not dispositive; at heart, these cases are the two firms' dispute.

The parties should not be burdened with overlapping discovery obligations or difficulties trying to reconcile Orders from different federal courts. Nor should two courts be spending time adjudicating the same dispute. And there is no evidence of bad faith or an extraordinary circumstance warranting departure from the first to file rule.

The defendants' motion is therefore granted to the extent that the Clerk shall transfer this case to the U.S. District Court for the Middle District of Alabama.

**SO ORDERED**, this the 6th day of March, 2025.

s/ Carlton W. Reeves<br>UNITED STATES DISTRICT JUDGE